## PILLAR vs. PILLAR.

*Divorce with alimony.*

Divorce of wife from bed and board, with alimony, affirmed, where the husband had struck her once, attempted to kick her, called her by abusive epithets, at times refused to speak to her for months, supplied her scantily with clothing, and told her to leave and get a divorce.

APPEAL from the Circuit Court for *Winnebago* County. The facts in this case are stated in the opinion. The circuit court decreed a divorce from bed and board, and alimony during plaintiff's life at the rate of $175 a year. The defendant appealed.

*Gabe Bouck*, for appellant:

To authorize a divorce under subd. 5, sec. 9, or subd. 3, sec. 11, ch. 111, there must be either actual violence committed, with danger to life, limb or health; or there must be reasonable apprehension of such violence. 1 Hagg. Consist. Rep., 35; 1 Edw. Ch., 292. Austerity of temper, rudeness of language, occasional sallies of passion, if they do not threaten bodily harm, do not amount to that cruelty against which the law relieves. 17 Conn., 189; 4 Wis., 141; 4 Johns. Ch., 187; 1 Eng. Ecc., 204; 4 id., 238; 5 id., 238; 2 Md. Ch., 341; 7 N. H., 196; Bishop on M. & D., 454–459; 2 J. J. Marsh., 322; 15 Ill., 186; 21 id., 528; 11 Harris (Pa.), 343–345, 156; 2 Sneed, 716; 1 Grant's Cases (Pa.), 389. A single assault will not justify a limited divorce, unless accompanied with aggravating circumstances. Pothier on Contract of Marriage, § 509; 9 Dana, 52; 4 Johns. Ch., 108; 3 Stockt. (N. J.), 195. Nor will a single act of violence; but it requires proof of such continued ill-treatment as renders the condition intolerable. 26 Mo., 545; 2 Md. Ch. Decis., 335. Station in life is to be considered also. 27 Ala., 222.

*Jackson & Halsey*, for respondents.

PAINE, J.　An act of extreme cruelty, and of gross and brutal violence, was proved to have been inflicted by the defendant upon the plaintiff.　He not only struck her, but attempted to kick her, and would have succeeded had not the daughter come between them and received the kick herself.　Whether a single instance of such conduct should be held sufficient to justify a divorce, would depend very much on the question whether it was the result of a deliberate, fixed intention to abuse, or only of sudden passion, which the party might afterwards regret.　We are satisfied, in this case, that it was the result of a deliberate intention to drive his wife from him.　His statements to others, and his own testimony, show that he desired a divorce, and that he often told his wife to go away and not come back—to get a divorce and what the law would allow her.　His treatment of her was in accordance with this.　At times he bestowed on her the most abusive epithets; at times refused for months at a time to speak to her or allow her to speak to him.　He also provided her scantily with clothing. These things alone might not be sufficient; but taken in connection with the actual personal violence, and evident design to drive her away, they amount to the extreme cruelty that is sufficient to justify a divorce.　For they show a strong probability that such treatment would be continued, and become even worse, if necessary to accomplish the object.

The plaintiff has lived with the defendant for twenty-nine years as his wife.　It appears that she has done her duty, not only in the house—the defendant himself admitting that she "was not a bad housekeeper"—but that she has labored in the field.　But she has grown old, having nearly spent her three score years and ten.　The defendant complains

The State of Wisconsin ex rel., etc., vs. F. X. Haben, Treasurer, etc.

that for the last two years he could not " get her to set up wheat in the field." He says he " *could not get much time out of her!*" And so, having become worn out and useless in her old age, the defendant thinks she is no longer profitable, and proposes by coarse insults, and scanty clothes, and kicks and blows, to drive her off to shift for herself. He certainly ought not to complain of her doing what he so often advised her to do ; that was, to get a divorce and what the law would allow her. He must have supposed she had ground for a divorce, and I am of the same opinion.

*By the Court.*—The judgment is affirmed.